UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Brittney and Troy Krueger,<br><br>　　　　　　　Plaintiffs,<br>　v.<br><br>National Credit Systems, Inc.,<br><br>　　　　　　　Defendant. | Civil Action No.:  5:19-cv-81<br><br>**COMPLAINT** |

For this Complaint, the Plaintiffs, Brittney and Troy Krueger, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiffs, Brittney and Troy Krueger ("Plaintiffs"), are adult individuals residing in San Antonio, Texas, and each is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, National Credit Systems, Inc. ("NCS"), is a Georgia business entity with an address of 3750 Naturally Fresh Boulevard, Atlanta, Georgia 30349, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.** **The Debt**

6. The Plaintiffs allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to NCS for collection, or NCS was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.** **NCS Engages in Harassment and Abusive Tactics**

10. Within the last year, NCS contacted the Plaintiffs via mail in an attempt to collect the Debt.

11. Thereafter, Plaintiffs mailed a letter to NCS disputing the Debt and requesting NCS mail them validation of the Debt.

12. On or about August 23, 2018, NCS contacted Plaintiffs in an attempt to collect the Debt despite the fact that the Debt had not yet been verified.

13. NCS admitted to receiving Plaintiffs' letter but falsely informed Plaintiffs they needed to provide NCS with proof they did not owe the Debt or NCS would report the Debt to the credit bureau.

14. Thereafter, NCS mailed a letter to Plaintiffs in an attempt to collect the Debt which did not include any validation of the Debt.

15. On or about October 30, 2018, NCS called Plaintiffs and failed to disclose that the call was from a collection agency in an attempt to collect a debt.

16. Moreover, NCS called Plaintiffs parents and disclosed that Plaintiffs owed a debt.

**C.    Plaintiffs Suffered Actual Damages**

17. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendant's unlawful conduct.

18. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

19. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted third parties for purposes other than to confirm or correct location information.

21. The Defendant's conduct violated 15 U.S.C. § 1692b(2) in that Defendant informed third parties of the nature of Plaintiffs' debt and stated that the Plaintiffs owed a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.

24. The Defendant's conduct violated 15 U.S.C. § 1692d(6) in that Defendant placed calls to the Plaintiffs without disclosing the identity of the debt collection agency.

25. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

26. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

27. The Defendant's conduct violated 15 U.S.C. § 1692e(11) in that Defendant failed to inform the consumer that the communication was an attempt to collect a debt.

28. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

29. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendant failed to send the Plaintiffs a validation notice stating the amount of the Debt.

30. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendant failed to send the Plaintiffs a validation notice stating the name of the original creditor to whom the Debt was owed.

31. The Defendant's conduct violated 15 U.S.C. § 1692g(b) in that Defendant continued collection efforts even though the Debt had not been verified.

32. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiffs are entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### TEX. FIN. CODE ANN. § 392, et al.

34. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Each Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

36. The Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

37. The Defendant threatened to falsely inform other parties that the Plaintiffs refused to pay a non-disputed debt, when the Defendant had written confirmation that the Plaintiffs disputed the Debt, in violation of Tex. Fin. Code Ann. § 392.301(a)(3).

38. The Defendant called the Plaintiffs and failed to identify the name of the debt collection agency or the individual debt collector, with the intent to annoy and harass, in violation of Tex. Fin. Code Ann. § 392.302(2).

39. The Defendant caused a telephone to ring repeatedly, with the intent to annoy or abuse the Plaintiffs, in violation of Tex. Fin. Code Ann. § 392.302(4).

40. The Plaintiffs are entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A)

    against the Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;

4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

7. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiffs;

8. Punitive damages; and

9. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 30, 2019

                                      Respectfully submitted,

                                      By: __/s/ Sergei Lemberg_____

                                      Sergei Lemberg, *Attorney-in-Charge*
                                      Connecticut Bar No. 425027
                                      LEMBERG LAW, L.L.C.
                                      43 Danbury Road, 3rd Floor
                                      Wilton, CT 06897
                                      Telephone: (203) 653-2250
                                      Facsimile:  (203) 653-3424
                                      E-mail: slemberg@lemberglaw.com
                                      Attorneys for Plaintiffs